UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN D. REYES,

                Plaintiff,

      -against-

LOIDAIRIS GOMEZ,

                Defendant.

1:22-CV-8421 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Juan D. Reyes, who appears *pro se*, filed this action while held in the Anna M. Kross Center ("AMKC") on Rikers Island, where he is presently held. He filed a request to proceed *in forma pauperis* ("IFP") with his complaint, but he did not file a prisoner authorization form with it. To allow Plaintiff to cure that filing deficiency, the Court, in an order dated and entered on October 4, 2022, directed Plaintiff, within 30 days of the date of that order, to either pay the $402 in fees to bring this action or complete and submit a prisoner authorization form. (ECF 3.) In that order, the Court also warned Plaintiff that if he failed to comply with that order within the time allowed, the Court would dismiss this action. (*Id.*)

      Plaintiff did not pay the fees or submit a completed prisoner authorization form within the time allowed. Accordingly, in an order and judgment dated December 6, 2022, and entered two days later, on December 8, 2022 – more than 60 days after the Court had issued its October 4, 2022, order – the Court dismissed this action without prejudice. (ECF 4 & 5.) Four days after the Clerk of Court entered the order and judgment dismissing this action, on December 12, 2022, however, and without explanation, the court received a completed and signed prisoner authorization form from Plaintiff indicating that he was still held in the AMKC; the form was contained in an envelope from the "Bronx Supreme Court Clerk's Office." (ECF 6.)

To the extent that Plaintiff submits the prisoner authorization form in an effort to have this action reopened, the Court denies that request because such a request does not fall under the Court's authority to reopen a closed action, such as this one, under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, or under Local Civil Rule 6.3. The Court, however, denies Plaintiff's request without prejudice to Plaintiff's refiling this action as a new separate civil action.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 20, 2023
        New York, New York

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           Chief United States District Judge

---

[1] If Plaintiff files a new separate civil action while he is a prisoner, he will have to either pay the fees to bring that action or complete, sign, and submit an IFP application and a prisoner authorization form for that action.